UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GERALD A. SANFORD, SR.<br>  Plaintiff, | )<br>)<br>) |
| v. | ) No. 1:13-0023<br>) Chief Judge Haynes |
| DERRICK D. SCHOFIELD, et al.<br>  Defendants. | )<br>)<br>) |

## MEMORANDUM

Before the Court is a *pro se* prisoner complaint (Docket Entry No. 1) filed under 42 U.S.C. § 1983. This action was originally filed in the Western District of Tennessee. Those claims arising in this District were severed and transferred to this District. (Docket Entry No. 10). Because the Plaintiff is a prisoner, the Court must consider whether he has stated a colorable claim for relief under 28 U.S.C. § 1915(e)(2).

### A. Analysis of the Claims

Plaintiff's claims arising in this district are limited to incidents at Turney Center Industrial Complex ("TCIX"). Of these incidents, Plaintiff's complaint alleges as "Incident Three" that between November 18, 2011 and December 13, 2011, Defendant Brewer retaliated against Plaintiff for filing a grievance against Brewer by filing a false disciplinary report against Plaintiff. Id. at ¶ 71-6. Plaintiff alleges that at the disciplinary hearing, Defendant Jason Clendenion denied Plaintiff the right to representation and procedural due process, as well as wrongfully found Plaintiff guilty based upon forged documents presented at Plaintiff's hearing. Id. at ¶ 77-101.

As to "Incident Four," Plaintiff alleges that on January 22, 2011, Defendant Amanda Staggs discriminated against Plaintiff by requesting that members on Plaintiff's visitation list update their

applications. Id. at ¶ 102-08. For "Incident Six," Plaintiff alleges that on February 10, 2012 he was wrongfully denied access to the TCIX library by Defendant Breece. Id. at ¶ 141-46. For "Incident Seven," Plaintiff alleges that on February 25, 2012, Plaintiff was not awaken in time for his kitchen shift, and then was wrongfully disciplined by Defendant Tibbs and Jason Clendenion. Id. at ¶ 147-52. For "Incident Eight," Plaintiff alleges that on May 8, 2012, he was wrongfully disciplined for larceny and his food was confiscated by Defendants Charlie Jones and Jason Clendenion. Id. at ¶ 153-57. For "Incident Nine," Plaintiff alleges that on May 21, 2012, Plaintiff's key chain was wrongfully confiscated by Defendant Jason Staggs, and the grievance he filed regarding this incident was wrongfully dismissed by Defendants Williams and Amanda Staggs. Id. at ¶ 158-68. For "Incident Ten," Plaintiff alleges that on May 25, 2012, Defendants Phillip Seals and Amanda Staggs intentionally scheduled a grievance hearing when Plaintiff was not present. Id. at ¶ 169-80.

As to his specific allegations against the remaining Defendants, Plaintiff alleges that Defendant Derrick Schofield, Commissioner, Tennessee Department of Correction ("TDOC"), wrongfully denied Plaintiff's administrative appeal. (Docket Entry No. 1, ¶ 19, 93, 96-99.) Although Defendant Schofield was not personally involved in any of the alleged incidents, Plaintiff alleges that his "deliberate indifference...proximately caused the violations of the [Plaintiff's] Fifth and Fourteenth Amendments [rights]." Id. at ¶ 191.

Plaintiff alleges that Defendant Jason Woodall, the Deputy Comissioner of Operations for the TDOC, was negligent for "not acknowledging that C/O Brewer violated TDOC polices," and for not acknowledging retaliatory acts in two other grievances filed by Plaintiff. Id. at ¶ 18, 101, 146, 168. Although Defendant Woodall was not personally involved in any of the alleged incidents, Plaintiff alleges that his "deliberate indifference...proximately caused the violations of the

2

[Plaintiff's] Fifth and Fourteenth Amendments [rights]." Id. at ¶ 191.

Plaintiff alleges that Defendant Jerry Lester, TCIX warden, affirmed the conviction of his administrative appeal of wrongful conviction, was negligent for not acknowledging Defendant Brewer's violation of TDOC policies arising from "incident three" at the TDIX, and was negligent for not "acknowledging the denial of access, verbal assault, and retaliation in the grievance" arising out of "incident four" at the TDIX. Id. at ¶ 16, 91-2, 101, 146. Although Defendant Lester was not personally involved in any of the alleged incidents, Plaintiff alleges that his "deliberate indifference...proximately caused the violations of the [Plaintiff's] Fifth and Fourteenth Amendments [rights]," that his "refusal to overturn the Plaintiff's disciplinary conviction...constitutes deliberate indifference...in violation of the Fourteenth Amendment," and his participation in "cruel and unusual punishment [was] in violation of the Eight Amendment." Id. at ¶ 191, 193, 196.

Plaintiff alleges that Defendant Ronnie Williams, a unit manager at TCIX, "denied any wrongdoing by Defendant Staggs on grievance number one" and "was negligent for not acknowledging the retaliatory act in the second grievance" in relation to "incident nine," and "participated in retaliatory actions...in violation of the Eight Amendment." Id. at ¶ 12, 166, 168, 196.

Plaintiff alleges that Defendant Bruce Coats, a grievance board chairperson at TCIX, was "negligent for not acknowledging that C/O Brewer violated TDOC policies" in relation to "incident three," that he was "negligent for not acknowledging the denial of access, verbal assault, and retaliation in the grievance" in relation to "incident six," and that he was "negligent for not acknowledging the retaliatory act in the second grievance" in relation to "incident nine." Id. at ¶ 9, 101, 146, 168. Plaintiff also alleges that Defendant Coats intentionally held a grievance hearing on a day he knew Plaintiff would not be present in relation to "incident ten," that he inflicted intentional

3

"mental and/or emotional distress and due process violations of inmates," and that he participated in retaliatory acts "resulting in cruel and unusual punishment in violation of the Eighth Amendment" Id. at ¶ 172, 191, and 196.

Plaintiff alleges that Defendant Sergeant David Breece, a correctional officer at TCIX, participated in retaliatory acts resulting in cruel and unusual punishment in violation of the Eight Amendment. Id. at ¶ 7, 196.

Plaintiff alleges that Defendant Jason Clendenion, the disciplinary board chairman at TCIX, wrongfully sentenced Plaintiff to administrative segregation in relation to "incident three" and violated Plaintiff's due process rights by allegedly forging Plaintiff's name and incorrectly filling out the disciplinary report hearing summary. Id. at ¶ 10, 89, 94, 95. Plaintiff also alleges that Defendant Clendenion's oversight of Plaintiff's disciplinary hearing violated Plaintiff's due process rights under the Fourteenth Amendment. Id. at ¶ 192.

Plaintiff alleges that Defendant David Gary, a correctional officer at TCIX, made false statements at Plaintiff's disciplinary hearing in relation to "incident three," and participated in retaliatory acts in violation of the Eighth and Fifth Amendments. Id. at ¶ 88, 196.

Plaintiff alleges that Defendant Amanda Staggs, the grievance board chairperson and visitation supervisor at TCIX, discriminated against Plaintiff by requesting that individuals on his visitation list update their applications and by restricting Plaintiff's visitors. Id. at ¶ 8, 102, 108. Plaintiff additionally alleges that Defendant Amanda Staggs improperly informed her husband, Jason Staggs, of a grievance filed against him, that she wrongfully dismissed Plaintiff's grievance filed in relation to "incident nine," that she intentionally misdirected Plaintiff so that he would not appear at the grievance hearing, and that she acted in retaliation against Plaintiff in violation of the Eighth

Amendment. Id. at ¶ 163, 168, 171-2, 196.

Plaintiff alleges that Defendant Jason Staggs, inmate relations coordinator at TCIX, wrongfully confiscated a key chain from Plaintiff and retaliated against Plaintiff for filing a grievance by confiscating two pairs of Plaintiff's shoes in violation of the Eighth Amendment. Id. at ¶ 8, 158, 164, 196.

Plaintiff alleges that Defendant Charlie Jones, a correctional officer at TCIX, wrongfully confiscated food from the Plaintiff and charged him with larceny, both of which were retaliatory acts in violation of the Eighth Amendment Id. at ¶ 7, 156, 196.

Plaintiff alleges that Defendant Brewer, a correctional officer at TCIX, retaliated against Plaintiff for filing a grievance against him by taking disciplinary action against Plaintiff as part of "incident three" and lied while testifying during Plaintiff's disciplinary hearing, constituting cruel and unusual punishment under the Eighth Amendment. Id. at ¶ 7, 73-6, 88, 196.

Plaintiff alleges that Defendant Tibbs, a correctional officer at TCIX, woke up the Plaintiff late for his kitchen work shift, then wrongfully disciplined him as a result in "incident seven," thereby retaliating against the Plaintiff and violating his Eighth Amendment rights. Id. at ¶ 7, 147-9, 196.

Plaintiff alleges that Defendant Phillip Seals, a fellow inmate and the grievance clerk for TCIX, intentionally misdirected Plaintiff so that he would not appear at the grievance hearing in relation to "incident ten," and that he acted in retaliation against Plaintiff in violation of the Eighth Amendment. Id. at ¶ 4, 170-6, 196.

### B. Application of Law

As to Defendants Derrick Schofield, Jason Woodall, and Jerry Lester, Plaintiff's claims are

5

based on a theory of respondeat superior. To assert a valid § 1983 claim under the respondeat superior theory against a prison warden or supervisor, the Plaintiff must allege some facts to show that such supervisory officers were involved and/or had knowledge of the unlawful acts so as to ratify or acquiesce on them. In a word, a prisoner cannot sue a government official for damages solely upon his status as a supervisor or chief executive officer. "Section 1983 will not support a claim based on a respondeat superior theory of liability." Polk County v. Dodson, 454 U.S. 312, 325 (1981). In Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 469 U.S. 845 (1984), the Court of Appeals stated:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

Id. at 421.

For a supervisor to be held liable, the plaintiff must allege that the supervisor condoned, encouraged or participated in the alleged misconduct. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir. 1989). "A combination of knowledge of a prisoner's grievance and failure to respond or remedy the complaint is insufficient to impose liability upon supervisory personnel under § 1983." Henry v. Pogats, 35 F.3d 565, 1994 WL 462129 (6th Cir. 1994). Plaintiff fails to identify in his complaint nor allege facts suggestive of involvement or knowledge by these Defendants to the harm suffered. As to their alleged role in his grievances, under Henry, these allegations are legally insufficient. Thus, the Court concludes Plaintiff's claims against Defendant Defendants Derrick Schofield, Jason Woodall, and Jerry Lester fail to state a claim for relief.

As to Defendants Jason Staggs and Charlie Jones, Plaintiff alleges that both wrongfully

deprived Plaintiff of his personal property. (Docket Entry No. 1, ¶ 158-68, ¶ 156). The Sixth Circuit has ruled that "the State of Tennessee has provided adequate procedures to assure the return of items either negligently or intentionally converted, see Ten.. Code. Ann. § 9-8-207, and in the absence of resort to state remedies, we do not believe that a federal court may assert jurisdiction." Brooks v. Dutton, 751 F.2d 197, 199 (6th Cir. 1985). Accordingly, Plaintiff's claims against Defendant Jason Staggs and Charlie Jones fail to state a claim for relief.

As to Defendants Ronnie Williams, Bruce Coats, Jason Clendenion, David Gary, Tibbs, Philip Seals, and Amanda Staggs, Plaintiff alleges that these Defendants denied Plaintiff procedural due process in grievance and disciplinary hearing procedures. In Sandin v. Conner, 515 U.S. 472, (1995), the Supreme Court held that for procedural due process claims, the prison condition or sanction imposed must be an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Id. at 484. The Sixth Circuit has ruled that "failure to follow proper [disciplinary hearing] procedure is insufficient to establish an infringement of a liberty interest." Grinter v. Knight, 532 F.3d 567, 574 (6th Cir. 2008) citing Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Plaintiff's complaint fails to identify any sanction or discipline imposed upon him that is "atypical and significant hardship." Sandin, 515 U.S. at 484. Thus, the Court concludes that Plaintiff's claims against Defendants Ronnie Williams, Bruce Coats, Jason Clendenion, David Gary, Tibbs, Philip Seals, and Amanda Staggs fail to state a claim for relief.

Plaintiff alleges that Defendant Breece denied him access to the law library, but does not allege any prejudice as a result of that alleged denial. As a result, Plaintiff filed this action. The Court concludes that this claim lacks merit. Hadrix v. Johnson, 173 F.3d 958, 963 (6th Cir. 1999).

As to Defendants David Breece and Brewer, Plaintiff alleges that these Defendants retaliated

7

against Plaintiff for filing grievances against them. (Docket Entry No. 1, ¶ 71-76, 141-46). Prisoners possess the First Amendment right to lodge peaceful complaints about prison conditions without retaliation, Newsom v. Norris, 888 F.2d 371, 376-77 (6th Cir. 1989). To have an actionable retaliatory claim, a plaintiff must show (1) that the plaintiff engaged in protected conduct, (2) that the defendant took an adverse action against him that "would deter a person of ordinary firmness from continuing to engage in that conduct," and (3) that "the adverse action was taken (at least in part) because of the protected conduct," Thomas v. Eby, 481 F.3d 434, 440 (6th Cir. 2007) *(quoting* Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th. Cir. 1999) (en banc)). Yet, while

> "'[a]n inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf,...[t]his right is protected...only if the grievances are not frivolous' Herron v. Harrison, 203 F.3d 410, 415 (6th. Cir. 2000). In other words, an inmate's pursuit of grievances against prison officials can constitute protected conduct for purposes of a retaliation claim, but "only to the extent that the underlying claims ha[ve] merit.' Id."

Clark v. Johnson, 413 Fed.Appx. 804, 812 (6th. Cir. 2011). For example, in LaFoutain v. Harry, 2011 WL 976461 (W.D. Mich. 2011), Plaintiff alleged that Defendants retaliated against him for filing a grievance by transferring him from one area of the prison to another. The Court ruled that "[s]ince prisoners are expected to endure more than the average citizen, and since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." Id. at *8.

Plaintiff does not allege any specific facts against Defendant Breece, simply stating that he "participat[ed] in retaliatory acts." (Docket Entry No. 1, ¶ 196). As to Defendant Brewer, Plaintiff alleges that Brewer filed a false disciplinary report about Plaintiff once he learned that Plaintiff filed a grievance against him, and lied about Plaintiff at Plaintiff's subsequent disciplinary hearing. Id. at ¶ 73-88. Subjecting a prisoner to a disciplinary charge that could affect his place of confinement

and other conditions of his confinement, e.g., loss of visitation, may be such action that would "deter a person of ordinary firmness from continuing to engage in that conduct." Thomas, 481 F.3d at 440. For these reasons, although Plaintiff's claims against Defendants David Breece lack merit, Plaintiff's retaliation claim against C/O Brewer states a claim for relief.

Accordingly, Plaintiff's claims against Defendants Derrick Schofield, Jason Woodall, Jerry Lester, Ronnie Williams, Bruce Coats, David Breece, Jason Clendenion, David Gary, Amanda Staggs, Jason Staggs, Charlie Jones, Tibbs, and Philip Seals should be dismissed. Plaintiff's only surviving claim is his retaliation claim against Defendant C/O Brewer.

An Appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the ___ day of April, 2013.

WILLIAM J. HAYNES, JR.
Chief Judge
United States District Court