IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

GERALD A. SANFORD, JR.        )
                              )
        v.                    )   NO. 1:13-0023
                              )
DERRICK D. SCHOFIELD, et al.  )


TO:     William J. Haynes, Jr., Senior District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered June 26, 2015 (Docket Entry No. 57), this action was referred to the Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary conferences and hearings, and to submit a report and recommendation for disposition of any motion filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending is Plaintiff's motion for relief and an enlargement of time (Docket Entry No. 79), in which he requests an injunctive order from the Court. For the reasons set out below, the motion should be denied.


**I. BACKGROUND**

Plaintiff is a prisoner of the Tennessee Department of Correction ("TDOC") confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. He filed this prisoner civil rights action *pro se* and *in forma pauperis* in August 2012 in the Western District of Tennessee

bringing claims against several prison officials under 42 U.S.C. § 1983. Subsequently, some of Plaintiff's claims were transferred to this District pursuant to 28 U.S.C. § 1406(a). By Order entered April 2, 2013 (Docket Entry No. 13), all of the transferred claims were dismissed except for a claim against correctional officer Brandon Brewer ("Brewer") based on allegations that Brewer unlawfully retaliated against Plaintiff at the Turney Center Industrial Complex ("Turney Center") in late 2011.

The action was thereafter administratively closed for approximately a year because Defendant was on military leave from his employment. *See* Docket Entry Nos. 28 and 32. Upon the action being reopened, counsel with the Tennessee Attorney General's Office entered an appearance and filed an answer on behalf of Defendant. *See* Docket Entry Nos. 38 and 39. A scheduling order was thereafter entered. *See* Docket Entry No. 59. By Order entered September 29, 2015 (Docket Entry No. 80), counsel for Defendant was permitted to withdraw after asserting that she could not adequately represent him because he had not been employed by the TDOC since August 29, 2014, and had not responded to her attempts to contact him by mail or telephone for an extended period of time. Upon the Court's directive, Defendant's former counsel filed with the Court Defendant's last known address, and the Court has ordered Defendant to either 1) file a notice stating his intention to proceed in this action without counsel, or 2) have counsel enter an appearance on his behalf.

## II. PLAINTIFF'S MOTION

By his motion, Plaintiff complains that his ability to litigate this lawsuit has been hindered because he has very limited access to the SCCF law library. He requests that the Court issue an

2

order directing the SCCF warden to allow him to have "unimpeded access to the law library until this civil matter is complete." *See* Docket Entry No. 79 at 2.

Preliminary injunctions are governed by Rule 65(a) of the Federal Rules of Civil Procedure and are considered preventive, prohibitory, or protective measures taken pending resolution on the merits. *See Clemons v. Board of Educ.*, 228 F.2d 853, 856 (6th Cir. 1956). In determining whether to grant Plaintiff's request for preliminary injunctive relief, this Court must consider: (1) whether Plaintiff has shown a strong or substantial likelihood or probability of success on the merits of the case; (2) whether Plaintiff will suffer irreparable injury if the injunction is not granted; (3) whether granting the injunction will cause potential harm to others; and (4) the impact of the injunction upon the public interest. *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012); *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Six Clinics Holding Corp., II v. CAFCOMP Systems*, 119 F.3d 393, 401 (6th Cir. 1997). These factors "do not establish a rigid and comprehensive test for determining the appropriateness of preliminary injunctive relief," *Frisch's Rest. Inc. v. Shoney's, Inc.*, 759 F.2d 1261, 1263 (6th Cir. 1984), nor is any one factor controlling. *Gonzales v. National Bd. of Med. Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

A preliminary injunction is an extraordinary remedy, and the party seeking the injunction bears the burden of justifying such relief. *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 441, 94 S.Ct. 1113, 39 L.Ed.2d 435 (1974). The proof required to obtain a preliminary injunction is much more stringent than the proof required to survive a summary judgment motion. *Leary*, 228 F.3d at 739.

The Court finds that Plaintiff has not satisfied the standard required for a preliminary injunction. At this stage of the proceedings, Plaintiff's likelihood of success on his claim is no

greater than that of Defendant. Plaintiff has also not shown that he will suffer irreparable harm if the requested injunctive relief is not granted. The balancing of harms required by the third factor does not weigh significantly in favor of the requested relief, and Plaintiff has not persuasively demonstrated that a public interest would be advanced by the requested relief. *National Hockey League Players Ass'n v. Plymouth Whalers Hockey Club*, 372 F.3d 712, 720 n.4 (6th Cir. 2003). Absent extraordinary and urgently compelling reasons, the Court will not intervene in matters such as the day-to-day operations of a correctional facility. Such reasons have not been shown by Plaintiff.

Although the law is well settled that a prisoner has a First Amendment right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821–823, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), meaningful access varies with the circumstances, and prison officials are accorded discretion in determining how that right is to be administered. *Bounds*, 430 U.S. at 830–31. It is not enough for Plaintiff to merely assert that he was denied access to the courts or complain about the adequacy of access to an adequate law library. Actual prejudice above and beyond the normal difficulties encountered by *pro se* and incarcerated litigants must be shown in order for constitutional concerns to be implicated. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Such prejudice has not been shown by Plaintiff.

The moving party has the burden of proving that the circumstances "clearly demand" a temporary restraining order or a preliminary injunction. *Overstreet v. Lexington–Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff has simply not met this burden.

# R E C O M M E N D A T I O N

Accordingly, the Court respectfully RECOMMENDS that Plaintiff's motion for relief (Docket Entry No. 79) be DENIED.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge