UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GERALD A. SANFORD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1-13-00023 |
| v. | ) Senior Judge Haynes |
| | ) |
| DERRICK SCHOFIELD, et al., | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 85) to deny Plaintiff's motion for relief and enlargement of time (Docket Entry No. 79) that seeks injunctive relief to be granted for Plaintiff to have "unimpeded access to the law library until this civil matter is complete." Id. at 2. Plaintiff filed an objection (Docket Entry No. 96), stating that he "is being denied the Federal mandated minimum 37.5 hours law library access a week" and that "he is being bared due to an Inmate is given sole authority as to who receives passes thus gains access to the law library." Id. at 1-2.

A plaintiff's claim for injunctive relief must relate to the plaintiff's original claim in the complaint. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945); Colvin v. Caruso, 605 F.3d 282, 299-300 (6th Cir. 2010). "'[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'" Colvin, 605 F.3d at 300 (quoting Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994)). A court "'does not have jurisdiction to enter an injunction binding individuals who are not parties to this action.'" Odom v. McKenzie, No. 12-81-HRW, 2014 WL 1366548, at *2 (E.D. Ky. Apr. 7, 2014) (citations omitted).

Here, Plaintiff's allegations for injunctive relief do not involve conduct by Brandon Brewer, the last remaining Defendant. Plaintiff's claim against Brewer in the original complaint is for unlawful retaliation. Further, Plaintiff seeks injunctive relief from Cherry Lindamood, the warden of South Central Correctional Center, who is not a Defendant in this action.

Accordingly, having considered Plaintiff's objection and conducted a de novo review of the Magistrate Judge's Report and Recommendation, for the reasons stated above and the reasons stated in the Report and Recommendation that Plaintiff fails to establish grounds for injunctive relief, the Report and Recommendation is **ADOPTED**, and Plaintiff's motion for relief and enlargement of time (Docket Entry No. 79) is **DENIED**.

It is so **ORDERED**.

ENTERED this the 16th day of November, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge