IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


GERALD A. SANFORD, JR.          )
                                   )
        v.                     )     NO. 1:13-0023
                                   )
BRANDON BREWER[1]             )


TO:    William J. Haynes, Jr., Senior District Judge


## R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered June 26, 2015 (Docket Entry No. 57), this action was referred to the

Magistrate Judge, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Rule 72 of the Federal Rules

of Civil Procedure, to hear and determine any pretrial issues and motions, to conduct any necessary

conferences and hearings, and to submit a report and recommendation for disposition of any motion

filed under Rules 12, 15, 56, and 65 of the Federal Rules of Civil Procedure.

Presently pending are Plaintiff's motion for summary judgment (Docket Entry No. 87) and

Defendant's motion for summary judgment (Docket Entry No. 108). Set out below is the Court's

recommendation for disposition of the motions.

---

[1] Brandon Brewer is the only Defendant remaining in this action. *See* Order entered April 2,
2013 (Docket Entry No. 13).

# I. BACKGROUND

Plaintiff is a prisoner of the Tennessee Department of Correction ("TDOC") currently confined at the South Central Correctional Facility ("SCCF") in Clifton, Tennessee. In August 2012, he filed this lawsuit *pro se* and *in forma pauperis* in the Western District of Tennessee bringing claims against several prison officials under 42 U.S.C. § 1983. Some of Plaintiff's claims were subsequently transferred to this District pursuant to 28 U.S.C. § 1406(a). By Order entered April 2, 2013 (Docket Entry No. 13), all of the transferred claims were dismissed except for a claim against correctional officer Brandon Brewer ("Brewer").

Plaintiff's claim against Defendant Brewer is based upon events that occurred at the Turney Center Industrial Complex ("Turney Center"). Plaintiff alleges that Brewer violated Plaintiff's First Amendment right to be free from retaliation when Brewer, after learning that Plaintiff was filing a prison administrative grievance against him, issued a disciplinary report to Plaintiff on November 19, 2011, for the charge of creating a disturbance. *See* Complaint (Docket Entry No. 1) at ¶¶ 71-76. Plaintiff disputes that he acted in a manner to warrant the disciplinary report and alleges that Brewer thereafter made false statements to the prison disciplinary board who heard the disciplinary charge. Plaintiff was convicted of the disciplinary charge, receiving 15 days of administrative segregation, a nine month package restriction, and a $4.00 fine as punishment. *Id.* at ¶ 88-89. Upon appeal, the disciplinary conviction was upheld. *Id.* at ¶¶ 91-99. *See also* Docket Entry No. 1-4.

Although the case was administratively closed for approximately a year because Defendant was on military leave, *see* Docket Entry Nos. 28 and 32, the action was reopened when counsel with the Tennessee Attorney General's Office entered an appearance and filed an answer on behalf of Defendant. *See* Docket Entry Nos. 38 and 39. A scheduling order was thereafter entered. *See*

Docket Entry No. 59. By Order entered September 29, 2015 (Docket Entry No. 80), counsel for Defendant was permitted to withdraw from the action, and Defendant currently proceeds *pro se*.

By his motion for summary judgment, Plaintiff seeks, 1) an award of summary judgment as to Defendant's liability, and, 2) the assessment of $50,000.00 in damages, reimbursement for the filing fee, and an award of attorney's fees. *See* Memorandum in Support (Docket Entry No. 88) at 8-9. Plaintiff argues that the disciplinary report was an act of retaliation against him for the protected act of pursuing a prison grievance and that the disciplinary report led to additional adverse actions in the form of disciplinary proceedings that violated both TDOC policy and Fourteenth Amendment Due Process protections. *Id*. at 3-6.[2] In support of his motion, Plaintiff relies upon his own declaration. *See* Docket Entry No. 89. Defendant responds to the motion by arguing that Plaintiff has a lengthy history of disciplinary convictions, grievance filing, and lawsuits against prison officials and by asserting that Plaintiff cannot set forth evidence that creates a genuine dispute for trial. *See* Response (Docket Entry No. 104). Defendant supports his response with copies of various disciplinary reports and grievances involving Plaintiff. *See* Docket Entry Nos. 104-1 and 104-2. Also before the Court with respect to Plaintiff's motion are Plaintiff's reply (Docket Entry No. 106) and Defendant's sur-reply (Docket Entry No. 110). In addition to his response in opposition to Plaintiff's motion for summary judgment, Defendant filed a motion for summary judgment, in which he refers to the Tennessee Rules of Civil Procedure and Tennessee Code Annotated, makes further

---

[2] The Court, in dismissing Plaintiff's procedural due process claim upon initial review, found that Plaintiff failed to show that he had received a disciplinary sanction that rose to the level of "an atypical and significant hardship," which is necessary to implicate procedural due process concerns in the context of prison administrative disciplinary proceedings. *See* Docket Entry No. 12 at 7. *See also McMillan v. Fielding*, 136 Fed.App'x 818, 820 (6th Cir. 2005) ("Ten days in lock up, the loss of package privileges, and a $4.00 fine do not constitute an atypical and significant hardship in the context of prison life.")

3

arguments regarding Plaintiff's institutional history of grievances and disciplinary proceedings, and contends that there is no evidence supporting Plaintiff's claim. *See* Docket Entry No. 108.

Plaintiff filed a motion (Docket Entry No. 124) to strike Defendant's motion for summary judgment and Defendant's responses in opposition to Plaintiff's motion for summary judgment, arguing that they were untimely, improper, and lacking merit. This motion was denied by Order entered May 12, 2016 (Docket Entry No. 125). Plaintiff has filed a brief (Docket Entry No. 129), which appears to be an objection to the Order entered May 12, 2016.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." *Sowards v. Loudon Cnty.*, 203 F.3d 426, 431 (6th Cir.), *cert. denied*, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). The Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Gribcheck v. Runyon*, 245 F.3d 547, 550 (6th Cir.), *cert. denied*, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. *Anderson*, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 325). "Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991). *See Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). To defeat a summary judgment motion, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

### III. CONCLUSIONS

Judgment should be granted to Defendant in this action, albeit for a reason other than the arguments raised by Defendant in either his own motion for summary judgment or his response to Plaintiff's motion for summary judgment. This Report and Recommendation and the period for objections satisfy the procedural requirements for granting summary judgment for a reason other than that raised by Defendant, which is akin to granting summary judgment *sua sponte*. *See*

*Routman v. Automatic Data Processing, Inc.*, 873 F.2d 970, 971 (6th Cir. 1989); *Yashon v. Gregory*, 737 F.2d 547, 552 (6th Cir. 1984).

Plaintiff's original Complaint alleged multiple constitutional claims and named numerous prison officials. However, the only claim remaining in this lawsuit is a single claim against Defendant for retaliation in violation of Plaintiff's First Amendment rights. *See* Docket Entry No. 12 at 8-9. This is a narrow claim based only upon Defendant's act of issuing to Plaintiff a disciplinary offense on November 18, 2011, charging him with the prison disciplinary offense of creating a disturbance. Although Plaintiff has repeatedly referred in his filings to the conduct of the prison disciplinary board and to other alleged false disciplinary offenses with which he was subsequently charged, *see* Docket Entry No. 88 at 19; Docket Entry No. 89; and Docket Entry No. 106 at 3, these acts are not attributable to Defendant and are not before the Court as part of the claim against Defendant.

The law controlling this claim is well settled. A prisoner retains First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. *See Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). Among these First Amendment rights is the ability to file non-frivolous grievances against prison officials. *Smith*, 250 F.3d at 1037; *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000).[3]  A

---

[3] Plaintiff's allegations and evidence are somewhat confusing and contradictory as to the exact protected activity at issue. The allegation in his Complaint is that he sought grievance forms on November 18, 2011, and that Defendant issued the disciplinary report after "[he] gained information" that he was the subject of the grievance Plaintiff was writing on the forms he obtained. *See* Docket Entry No. 1 at ¶ 76; and Docket Entry No. 1-3 at 6. There are no allegations that Plaintiff had already filed a grievance about Defendant prior to November 18, 2011. There are also no allegations about the content of the grievance against Defendant that Plaintiff alleges he was writing prior to receiving the disciplinary report or that the purported grievance was ever filed. The only actual grievance filed by Plaintiff against Defendant is the grievance, #30058, that Plaintiff filed

prisoner cannot be retaliated against because he has exercised his First Amendment rights. *See Smith v. Campbell*, 250 F.3d 1032, 1036-37 (6th Cir. 2001); *Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999). In order to determine whether a prisoner's allegations of retaliation rise to the level of a First Amendment claim, Plaintiff must show that: 1) he engaged in protected conduct; 2) a sufficiently serious adverse action was taken against him that would deter a prisoner of "ordinary firmness" from continuing to engage in the protected conduct; and 3) there is a causal connection between the first two elements -- that is, the adverse action was motivated at least in part by Plaintiff's protected conduct. *Thaddeus-X*, 175 F.3d at 394. Plaintiff has the burden of proof on all three elements. *Murray v. Unknown Evert*, 84 Fed.App'x. 553, 556 (6th Cir. 2003).

When the adverse action that is alleged to be retaliatory is the issuance of a prison disciplinary charge, the controlling law of the Sixth Circuit is that a finding of guilt as to the prison disciplinary charge based upon some evidence of a violation of prison rules "essentially checkmates [a] retaliation claim." *Jackson v. Madery*, 158 Fed.App'x 656, 662 (6th Cir. 2005) (quoting *Henderson v. Baird*, 29 F.3d 464, 469 (8th Cir. 1994)). *See Patterson v. Godward,* 505 Fed.App'x 424, 425 (6th Cir. 2012); *Ruiz v. Bouchard*, 60 Fed.App'x. 572, 574 (6th Cir. 2003) ("to the extent that Ruiz has asserted a pure retaliation claim, Ruiz still has not stated a claim because he was convicted of the misconduct charges"); *Clemons v. Cook*, 52 Fed.App'x. 762, 763 (6th Cir. 2002);

---

on November 18, 2011, <u>after</u> he had already received the disciplinary report issued by Defendant. In this grievance, he contends, 1) that Defendant issued the disciplinary report because Plaintiff was requesting grievance forms, not because Plaintiff was writing a grievance against Defendant, and, 2) that Plaintiff's initial need for the grievance forms was for a grievance appeal. *See* Docket Entry No. 1-3 at 2-3. However, in both Plaintiff's appeal from the denial of his grievance and his appeal from his disciplinary conviction, he appears to argue that grievance #30058 was the protected act that triggered the alleged retaliatory disciplinary report. *See* Docket Entry No. 1-3 at 6-7; and Docket Entry No. 1-4 at 9.

*Burton v. Rowley*, 2000 WL 1679463 at *2 (6th Cir. Nov. 1, 2000) (prison disciplinary convictions that withstood administrative appeals negated claim that disciplinary charges were issued in retaliation for filing grievances).

In this action, it is undisputed that Plaintiff was convicted of the disciplinary offense lodged against him by Defendant and that this offense was upheld upon Plaintiff's internal administrative appeal. The Court's review of the record of the disciplinary proceeding reveals that, while Plaintiff disputed the charge, there was, nonetheless, some evidence of the charged violation. *See Jackson*, 158 Fed.App'x at 662 (misconduct hearing reports show that there was some evidence); *Henderson*, 29 F.3d at 469 (reporting officer's description of event provided some evidence). Accordingly, Plaintiff's retaliation claim must fail as a matter of law under the controlling precedent of this Circuit. Because the controlling law requires dismissal of Plaintiff's retaliation claim, any factual disputes that exist do not rise to the level of genuine issues of material fact, and it is not necessary to address the alternative arguments raised by the parties in their motions for summary judgment and respective responses and replies.


## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that Plaintiff's motion for summary judgment (Docket Entry No. 87) be DENIED, Defendant's motion for summary judgment (Docket Entry No. 108) be GRANTED, and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made.  Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge