IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| GERALD A. SANFORD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:13-cv-00023 |
| v. | ) Senior Judge Haynes |
| | ) |
| BRANDON BREWER, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 131) recommending to grant Defendant's motion for summary judgment (Docket Entry No. 108) and deny Plaintiff's motion for summary judgment (Docket Entry No. 87). Plaintiff filed an objection (Docket Entry No. 141).

Plaintiff, Gerald A. Sanford, Jr., an inmate currently incarcerated at South Central Correctional Facility, originally filed this pro se action under 42 U.S.C. § 1983 in the Western District of Tennessee. Those claims arising in this District were severed and transferred to this District. On initial review, this Court dismissed Plaintiff's claims against Defendants Derrick Schofield, Jason Woodall, Jerry Lester, Ronnie Williams, Bruce Coats, David Breece, Jason Clendenion, David Gary, Amanda Staggs, Jason Staggs, Charlie Jones, Tibbs, and Philip Seals. (Docket Entry Nos. 12 and 13). Plaintiff's only surviving claim is his First Amendment retaliation claim against Defendant Brandon Brewer.

In his complaint, Plaintiff alleges that after asking Brewer for grievance forms, Brewer filed a false disciplinary report about Plaintiff after Brewer learned that Plaintiff planned to file a grievance against him. (Docket Entry No. 1 at ¶¶ 71-76). Plaintiff also alleges that Brewer lied

about Plaintiff at Plaintiff's subsequent disciplinary hearing. Id. at ¶ 88. Plaintiff was convicted of the disciplinary charge, receiving 15 days of administrative segregation, a nine month package restriction and a $4.00 fine as punishment. Id. at ¶ 89. Plaintiff's disciplinary conviction was upheld on appeal. Id. at ¶¶ 91-93; Docket Entry No. 1-4.[1]

Under the First Amendment, a prisoner has the right to file non-frivolous grievances against prison officials. Herron v. Harrison, 203 F.3d 410, 415 (6th Cir. 2000). Thus, "retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution." Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001). To prevail on his retaliation claim, Plaintiff must show (1) that he engaged in protected conduct, (2) that the Defendant took an adverse action against Plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct,

---

[1] In a footnote in the Report and Recommendation, the Magistrate Judge notes the following:

Plaintiff's allegations and evidence are somewhat confusing and contradictory as to the exact protected activity at issue. The allegation in his Complaint is that he sought grievance forms on November 18, 2011, and that Defendant issued the disciplinary report after "[he] gained information" that he was the subject of the grievance Plaintiff was writing on the forms he obtained. See Docket Entry No. 1 at ¶ 76; and Docket Entry No. 1-3 at 6. There are no allegations that Plaintiff had already filed a grievance about Defendant prior to November 18, 2011. There are also no allegations about the content of the grievance against Defendant that Plaintiff alleges he was writing prior to receiving the disciplinary report or that the purported grievance was ever filed. The only actual grievance filed by Plaintiff against Defendant is the grievance, #30058, that Plaintiff filed on November 18, 2011, after he had already received the disciplinary report issued by Defendant. In this grievance, he contends, 1) that Defendant issued the disciplinary report because Plaintiff was requesting grievance forms, not because Plaintiff was writing a grievance against Defendant, and, 2) that Plaintiff's initial need for the grievance forms was for a grievance appeal. See Docket Entry No. 1-3 at 2-3. However, in both Plaintiff's appeal from the denial of his grievance and his appeal from his disciplinary conviction, he appears to argue that grievance #30058 was the protected act that triggered the alleged retaliatory disciplinary report. *See* Docket Entry No. 1-3 at 6-7; and Docket Entry No. 1-4 at 9.

(Docket Entry No. 131 at 6 n.3).

2

and (3) that the adverse action was motivated at least in part by Plaintiff's protected conduct. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th. Cir. 1999) (en banc).

In the Sixth Circuit, "[a] finding of guilt based upon some evidence of a violation of prison rules 'essentially checkmates [a] retaliation claim.'" Patterson v. Godward, 505 F. App'x 424, 425 (6th Cir. 2012) (quoting Henderson v. Baird, 29 F.3d 464, 469 (8th Cir.1994)); Jackson v. Madery, 158 F. App'x 656, 662 (6th Cir. 2005) ("Jackson fails to state a claim against Madery because Jackson was convicted of the misconduct charges."); Burton v. Rowley, 234 F.3d 1267, No. 00-1144, 2000 WL 1679463, at *2 (6th Cir. Nov. 1, 2000) (no retaliation claim where the plaintiff "was convicted of each misconduct charge and those convictions withstood his appeals."); Clemons v. Cook, 52 F. App'x 762, 763 (6th Cir. 2002); Mujihad v. Harrison, 172 F.3d 49, No. 97-6366, 1998 WL 940243, at *2 (6th Cir. Dec. 23, 1998) ("Mujihad's retaliation claim simply lacks an arguable basis in law because the claim is blocked by the disciplinary board's findings of guilt.").

Citing Sixth Circuit authority, the Magistrate Judge concluded:

> [I]t is undisputed that Plaintiff was convicted of the disciplinary offense lodged against him by Defendant and that this offense was upheld upon Plaintiff's internal administrative appeal. The Court's review of the record of the disciplinary proceeding reveals that, while Plaintiff disputed the charge, there was, nonetheless, some evidence of the charged violation.... Accordingly, Plaintiff's retaliation claim must fail as a matter of law under the controlling precedent of this Circuit.

(Docket Entry No. 131 at 8).

In his objection, Plaintiff challenges the Magistrate Judge's footnote in which the Magistrate Judge stated that "Plaintiff's allegations and evidence are somewhat confusing and contradictory as to the exact protected activity at issue." (Docket Entry No. 131 at 6 n.3). Plaintiff asserts that "Plaintiff's initial need for the grievance form *was* for another matter however, after the denial of

the grievance form, Plaintiff changed his intentions and filed the grievance against the Defendant for the denial." (Docket Entry No. 141 at 11) (emphasis in original). The Magistrate Judge did not conclude that Plaintiff did not engage in a protected activity, i.e., the filing of a grievance. The Magistrate Judge was only noting an apparent inconsistency between Plaintiff's allegations in his complaint and his evidence in support. The footnote was not material to the Magistrate Judge's conclusions. Thus, Plaintiff's challenge to the footnote is not germane to this Court's review.

Plaintiff also disputes the Magistrate Judge's conclusion that there was some evidence that Plaintiff committed the alleged disciplinary offense. Plaintiff asserts that "the use of a low standard of proof in prison disciplinary hearings are unfair because they are already so one-sided and Prisoners are commonly convicted on nothing more than an officer's written report which is what occurred in this instance." Id.

The record reflects that, in addition to Defendant's written report, Brewer and David Gary gave statements via telephone at the disciplinary hearing (Docket Entry No. 1 at ¶¶ 87-88; Docket Entry No. 1-4 at 8) and that Plaintiff was convicted of the disciplinary offense that was upheld on administrative appeal. Thus, based upon Sixth Circuit authority, there was "some evidence" of the charged violation that "essentially checkmates a retaliation claim." See Burton, 2000 WL 1679463, at *2 (no retaliation claim where the plaintiff "was convicted of each misconduct charge and those convictions withstood his appeals."); Mujihad, 1998 WL 940243, at *2; Henderson, 29 F.3d at 469 ("The prison disciplinary committee found that Henderson committed an actual violation of prison rules based on [Defendant] Officer Baird's description of the event. Because the finding was based on some evidence of the violation, the finding essentially checkmates his retaliation claim.").

Plaintiff also reasserts his procedural due process and Eighth Amendment claims. These claims were previously dismissed. See Docket Entry No. 12.

Accordingly, having considered Plaintiff's objection and conducted a de novo review of the Magistrate Judge's Report and Recommendation, for the reasons stated above, the Report and Recommendation (Docket Entry No. 131) is **ADOPTED**, Defendant's motion for summary judgment (Docket Entry No. 108) is **GRANTED,** and Plaintiff's motion for summary judgment (Docket Entry No. 87) is **DENIED.** This action is **DISMISSED with prejudice.** Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

This is the Final Order in this action.

It is so **ORDERED**.

**ENTERED** this the _18_ day of August, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge